# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FELEK MCCRAE** | : CIVIL ACTION |
| | : |
| v. | : |
| | : |
| **OFFICER ANDREW HAENCHEN,** | : |
| **OFFICER MICHAEL MITCHELL,** | : |
| **OFFICER JASON JUDGE,** | : |
| **OFFICER JUSTIN RIOS,** | : |
| **OFFICER JULIO TRUILLO, and** | : |
| **OFFICER MATHEW RIVERA** | : NO. 20-3173 |

## MEMORANDUM

**Savage, J.**                                                                                                       **July 8, 2020**

In removing this action from the state court, the defendants contend that the federal court has subject matter jurisdiction based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331. Consistent with our "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it," *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010), we may remand a case *sua sponte* for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

A defendant removing a case from state court under § 1331 bears the burden of demonstrating federal jurisdiction. *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009) (citing *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007)). Additionally, removal statutes are to be strictly construed against removal, and all doubts are resolved in favor of remand. *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (citation omitted); *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009).

A defendant can remove an action from state court when there is a federal question. *Smith v. Indus. Valley Title Ins. Co.,* 957 F.2d 90, 92 (3d Cir. 1992) (citing *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987); 28 U.S.C. §§ 1331 and 1441.  To confer federal question jurisdiction, the claim must arise under the Constitution, treaties, federal statutes or administrative regulations.  *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006); *Hagans v. Lavine*, 415 U.S. 528, 536 (1974).

Pursuant to the "well-pleaded complaint rule," federal-question jurisdiction exists only when a federal question is presented "on the face" of the complaint.  *Berne Corp. v. Government of The Virgin Islands*, 570 F.3d 130, 136 (3d Cir. 2009) (quoting *Caterpillar*, 482 U.S. at 392).  The plaintiff's "statement of his own cause of action" must arise from or be grounded upon federal law.  *Vaden v. Discover Bank*, 556 U.S. 49, 60-61 (2009) (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)).  Consequently, as the master of the complaint, the plaintiff may choose to have his case heard in state court by foregoing a federal claim.  *Caterpillar*, 482 U.S. at 392.

In his complaint, the plaintiff alleges that during the course of a traffic stop, the defendant police officers grabbed, beat, punched, hit, kneed and tased him without legal justification, causing him physical, financial and emotional injuries.  He also alleges that he was handcuffed, arrested and charged with aggravated assault and resisting arrest, all of which were committed without probable cause or any other valid basis.[1]  In his complaint, the plaintiff asserts seven claims, all arising under Pennsylvania state law.  He does not aver a federal claim.[2]

---

[1] Compl. ¶¶ 18-36 (Doc. No. 1 at ECF 9-10).

[2] Compl. ¶¶ 38-54 (Doc. No. 1 at ECF 10-12).

In their notice of removal, the defendants point to a single paragraph of the 54-paragraph complaint as forming the basis of federal-question jurisdiction. That paragraph, which is part of the plaintiff's civil conspiracy claim, states that the defendants acted in concert to falsely arrest, falsely imprison, invade the privacy of and commit assault and battery against the plaintiff, and conspired to conceal this "unlawful and unconstitutional conduct" to deny the plaintiff "access to the courts and due process."[3]

There is no federal question on the face of the complaint. The plaintiff's causes of action are based entirely on state law claims and are not grounded upon any federal laws. Although the words "unconstitutional," "access to the courts," and "due process" can be used when asserting a claim brought under the federal Constitution, the plaintiff does not name a single Constitutional provision that the defendants violated. Vague references in a state law civil conspiracy claim do not present a federal question sufficient to support jurisdiction under 28 U.S.C. § 1331.

The plaintiff could have asserted causes of action under 42 U.S.C. § 1983 for federal constitutional violations. He did not. Instead, he opted to bring only state law claims. The mere mention of "unconstitutional conduct," without specifically invoking either the United States or the Pennsylvania Constitutions, does not create a federal question. Accordingly, we shall remand this action for lack of subject matter jurisdiction.

---

[3] Not. of Removal (Doc. No. 1) ¶ 4 (citing Compl. ¶ 52).